

**IN THE DISTRICT COURT OF ROGERS COUNTY**
**STATE OF OKLAHOMA**

FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

JUL 30 2025

CATHI EDWARDS, COURT CLERK
_____ DEPUTY

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY, as Subrogee of Benjamin Pendergrass, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOEN INCORPORATED; MENARD, INC.; and CHIEN CHUEN PLASTIC CO., LTD., )<br>)<br>Defendants. )<br>) | Case No.: CJ-2025- 387<br>Judge PAZZO |

### PETITION

Plaintiff American National Property and Casualty Company, as subrogee of Benjamin Pendergrass, its Insured, for its causes of action against Moen Incorporated, Menard, Inc. and Chien Chuen Plastic Co. Ltd., (collectively "Defendants") states as follows:

### JURISDICTION AND VENUE

1. Plaintiff American National Property and Casualty Company, ("Plaintiff") is domiciled in Missouri and has their principal place of business in St. Louis, Missouri, and provides services in Oklahoma.

2. Plaintiff's insured, Benjamin Pendergrass ("Pendergrass"), is an individual domiciled in Oklahoma and owns the property located at 14339 N 152nd East Ave, Collinsville OK 74021.

3. Upon information and belief, Moen Incorporated ("Moen") is a foreign for-profit corporation registered in Delaware with its principal place of business located in North Olmsted, Ohio.

**EXHIBIT 1**

4. Upon information and belief, Menard, Incorporated ("Menard") is a foreign corporation registered in Wisconsin with its principal place of business in Eau Claire, Wisconsin.

5. Upon information and belief, Chien Chuen Plastic Co. Ltd. ("Chien Plastic Co.") is a limited corporation with its principal place of business in Taichung, Taiwan.

6. All of the actions, omissions, and events giving rise to this action occurred within Rogers County, Oklahoma.

7. Based on the foregoing, Plaintiff asserts this Court has jurisdiction over the parties and the subject matter, and that venue is proper in this county.

## STATEMENT OF FACTS

8. Plaintiff hereby restates and reincorporates by reference Paragraph Nos. 1–7 of this Petition.

9. On August 5, 2023, Pendergrass returned home to discover his entire home had several inches of standing water coming down from upstairs and into the downstairs rooms of his home. The source of the water was from a defective Toilet Fill Valve (hereafter "Valve").

10. The Valve was installed in the upstairs bathroom toilet and catastrophically failed, releasing water at such high pressure it forced off the toilet lid.

11. The Valve was installed only a year and a half prior to the failure.

12. Upon information and belief, the Valve was sold by Menard.

13. Upon information and belief, the Valve is also branded, designed, and sold by Moen as model number M5020.

14. Upon information and belief, the Valve is manufactured by Chien Plastic Co.

15. Upon investigation the Valve failed as the result of fractures in the valve body, allowing it to separate.

16. The Valve failed due to a manufacturing and/or design defect(s) with respect to improper injection molding practices and/or improper design of an injection molded part.

17. The Valve also failed with respect to the locking tabs fracturing.

18. Upon investigation, no evidence of abuse, improper installation, improper maintenance, or abnormal environmental conditions that would have caused the failure was observed.

19. The Valve was defective in that unlike valves produced by other manufacturers, it could not withstand the loading factors that were a foreseeable part of its intended application.

20. These structural failures of the Valve allowed water to escape, resulting in extensive flooding throughout Pendergrass' home.

## CAUSES OF ACTION

### I. Strict Products Liability

21. Paragraphs 1-20 are incorporated by reference and re-stated fully herein.

22. The Valve was dangerous to an extent beyond that which was contemplated by the ordinary consumer who purchased it, with the ordinary knowledge common to the community as to its characteristics.

23. The Valve was defective, unreasonably dangerous, and a proximate cause of the flooding experienced by Pendergrass.

24. The Valve was defective and unreasonably dangerous when the product left the manufacturer's control.

25. The Valve was defective at the time of sale for public use.

26. The Valve was defective at the time of consumption

27. The Valve was defective at the time it left the retailer's possession and control.

28. The defect caused Plaintiff's damages.

29. Defendants failed to supply proper warnings to the product's dangers.

30. As the distributer, and supplier of the Valve, Menard is strictly liable for damages suffered by Pendergrass

31. As a distributor and merchant in the business of selling, branding, designing, and distributing the Valve, Moen is strictly liable for damages suffered Pendergrass.

32. As the manufacturer and designer of the Valve, Chien Plastic Co. is strictly liable for damages suffered by Pendergrass.

## II. Breach of Implied Warranties

33. Paragraphs 1-32 are incorporated by reference and re-stated fully herein.

34. The Valve is a "good" within the meaning of Title 12A, O.S. § 2-105(1).

35. Menard is a "merchant" within the meaning of Title 12A, O.S. § 2-104(1) in the business of supplying products used in plumbing systems.

36. Moen is a "merchant" within the meaning of Title 12A, O.S. § 2-104(1) in the business of supplying products used in plumbing systems.

37. Chien Plastic Co., is a "merchant" within the meaning of Title 12A, O.S. § 2-104(1) in the business of manufacturing and designing products used in plumbing systems.

38. A warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Defendants had reason to know that the Valve would be used for the specific purpose of a refill valve in a residential

toilet. Both Moen and Menard are sellers that meet the criteria and thus all sales of their product included an implied warranty of merchantability.

39. Pendergrass relied on each of the Defendants to select or furnish suitable goods to be used as a refill valve in a residential toilet.

40. None of the Defendants excluded or modified these implied warranties or any remedies available to Plaintiff and Pendergrass under the Oklahoma Uniform Commercial Code.

41. Defendants breached their implied warranties of merchantability and of fitness for a particular purpose associated with the Valve, including its component parts, and installation of same.

### III. Negligence

42. 1-41 are incorporated by reference and re-stated fully herein.

43. Moen negligently designed, manufactured, and sold the Plumb Works Valve for, and understanding the product would be used in, residential toilets.

44. Menard negligently manufactured and sold the Valve for, and understanding the product would be used in, residential toilets.

45. Chien Plastic Co. negligently designed, manufactured, and sold the Valve to be used in residential toilets.

46. It was reasonably foreseeable to the Defendants that Pendergrass would suffer damages from the Valve when installed and used in a residential toilet.

47. Defendants owed a duty to purchasers of their product, of which Pendergrass was one.

48. Defendants breached their duties to Pendergrass, and such breaches proximately caused damages to Pendergrass' property and Plaintiff's damages.

49. The damages suffered by Pendergrass's property were not the natural, usual, to-be-expected or intended result from installation and use of a residential toilet.

## DAMAGES

50. Plaintiff hereby restates and incorporates by reference Paragraph Nos. 1–49 of this Petition.

51. Defendants' negligence caused catastrophic damages to Pendergrass' home. As a result, Pendergrass incurred property damages in the amount of $83,171.26, loss of use of Pendergrass' property in the amount of $17,484.01, and Pendergrass' $3,000.00 deductible totaling $103,655.27 in damages.

52. Pursuant to the terms of the insurance policy, Plaintiff has presently paid approximately $100,655.27 to its Insured, Pendergrass, as a direct result of the property damage caused by Defendants' negligence and breaches. Further, this amount does not include any future payments arising out of the same claim that may be paid to Pendergrass in the future.

53. Defendants, collectively in their design and manufacture of the Valve, cut corners in the manufacturing and design process in order to maximize profits at the expense of safety. This was done in a grossly negligent and/or reckless disregard of public safety reflecting a basic and blatant disrespect of the rights of others. As such, Plaintiff is entitled to punitive damages.

## RIGHT OF SUBROGATION

54. Plaintiff hereby restates and incorporates by reference Paragraph Nos. 1–53 of this Petition.

55. Plaintiff is an insurance company that issued a residential property policy to its Insured, Benjamin Pendergrass.

56. In accordance with the terms of the Policy, Plaintiff was obligated to, and did, pay the reasonable and necessary sum to and on behalf of its Insured related to the damages and losses sustained to the property as a result of Defendants' negligence and breaches.

57. Plaintiff has been damaged as a result of Defendants' negligence and breaches in the amount of 103,655.27 which includes all monies paid, to date, to and on behalf of Pendergrass, as well as the Pendergrass' $3,000.00 deductible.

58. The Policy contains an express right of subrogation, which provides that in the event Plaintiff makes any payment under the Policy, it will be subrogated to all rights of recovery based upon the same damages that Pendergrass or any other person receiving the payment may have against any liable person for those damages.

59. Accordingly, pursuant to the contractual provision found in the Policy, Plaintiff has a right of subrogation from Defendants.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff American National Property and Casualty Company, subrogee of Benjamin Pendergrass, its Insured, demands judgment against Defendants, Moen Incorporated, Menard, Inc. and Chien Chuen Plastic Co. Ltd., for the damages incurred, Pendergrass' deductible, and any expenses arising out of the same incident, as well as applicable costs and interests, reasonable attorney fees, and all other relief this Court deems just and equitable.

Respectfully submitted,

*/s/ Erica R. Mackey*
Erin Blohm Clark, OBA# 22496
Vanessa Martinez, OBA# 34165
Erica R. Mackey, OBA# 32057
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: 405.232.6100
Facsimile: 405.232.6105
eclark@johnsonhanan.com
vmartinez@johnsonhanan.com
emackey@johnsonhanan.com
*Attorneys for Plaintiff*